**FILED**
**U.S. District Court**
**District of Kansas**
11/02/2026
**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**FRANCIS LAMAR JOHNSON,**

**Plaintiff,**

**v.** **CASE NO. 26-3373-JWL**

**MARY BROCK, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff Francis Lamar Johnson is hereby required to show good cause, in writing to the undersigned, why this matter should not be dismissed due to the deficiencies in Plaintiff's Amended Complaint that are discussed herein. Plaintiff is also given the opportunity to file a second amended complaint to cure the deficiencies.

## I. Nature of the Matter before the Court

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). The Court granted Plaintiff leave to proceed in forma pauperis. Plaintiff filed his pro se civil rights Complaint (Doc. 1) on October 1, 2026. Plaintiff filed an Amended Complaint (Doc. 4) on October 8, 2026.

Plaintiff claims that he has been keeping track of widespread coverup tactics, various targeting practices, and stalking techniques used by KDOC officers. (Doc. 4, at 1.) Plaintiff claims that officers "circle the wagon" to protect their own and use the buddy system to have other officers retaliate to "jam the targeted inmate up." *Id.* at 2.

Plaintiff claims that Officer Kincaid knew Plaintiff's civil rights were violated back on April 11, 2026, when Plaintiff started complaining about not being able to take his legal work to court and losing his case. *Id.*

Plaintiff claims that on September 22, 2026, Plaintiff passed Officer Kincaid when Plaintiff was leaving the restroom. *Id.* He claims that Kincaid radioed Gorton and Plaintiff was told to wait in the dayroom while Kincaid and Gorton destroyed Plaintiff's bunk area looking for contraband. *Id.* Plaintiff claims that after fifteen minutes they had found nothing, and Plaintiff was laid in for 24 hours after he complained to Unit Team Oldon about it. *Id.* Plaintiff claims that as he was leaving the Unit Team office, Kincaid told Plaintiff to make sure he spells Kincaid's name right, because Plaintiff had misspelled a couple of officers' names in his complaint. *Id.*

Plaintiff claims that he believes Kincaid, Gorton, Dana King, Ms. Ling, and Mary Brock are conspiring to hinder Plaintiff's court access and to deny him equal protection. *Id.* at 3. He believes that these officers create a hostile living environment. *Id.* He claims that these officers conspire to prevent Plaintiff and other African American inmates from seeking equal protection of the laws and constitution. *Id.* at 5. Plaintiff claims that the events on September 22, 2026, were retaliatory. *Id.* at 5. Plaintiff claims "neglect of duty" under § 1986 based on Defendants' knowledge of the conspiracy to deprive Plaintiff of his rights under § 1985 and failure to prevent the acts. *Id.* at 6.

Plaintiff claims that Mary Brock has looked up other inmates' charges and revealed classified information to other inmates. *Id.* at 4. Plaintiff provides a couple of examples with the inmates' names redacted. *Id.* Plaintiff also claims that Brock makes statements like "I'm about to mess up somebody's day" and "y'all ain't going to like me tomorrow when I come back to work." *Id.* (cleaned up). Plaintiff also claims that Brock called "some type of meeting" with inmates and Lt. Florido "as in to call in favors." *Id.* Plaintiff claims that every officer has at least one "pet" inmate that they use to do their dirty work. *Id.* at 5.

Plaintiff also makes claims regarding his state criminal proceedings. He claims that the State breached his May 4, 2023 plea agreement. *Id*. at 14. Plaintiff alleges that this should entitle him to immediate release. *Id*.

Plaintiff names as defendants: Mary Brock, LCF Officer; (fnu) Kincaid, LCF Correctional Officer ("CO"); Dana King, LCF Unit Team Manager ("UTM"); (fnu) Olden, LCF Unit Team; Tim (lnu), LCF nurse; (fnu) Florido, LCF CO; and Vital Core Health Strategies. For relief, Plaintiff seeks immediate release, actual damages, and punitive damages.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in

a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Court-Approved Form

Plaintiff's Amended Complaint is not submitted on the Court-approved form. This Memorandum and Order to Show Cause sets forth other deficiencies in Plaintiff's Amended Complaint. Plaintiff is being given an opportunity to file a second amended complaint to cure the deficiencies.

Any second amended complaint submitted by Plaintiff must be submitted on the Court-approved form being provided to Plaintiff along with this Memorandum and Order to Show Cause. Plaintiff claims that he sent the Court his original Amended Complaint and did not keep a copy. (Doc. 4, at 15, 18.) The Court will direct the Clerk to provide Plaintiff with a copy of his Amended Complaint and with forms and instructions for filing his second amended complaint.

### 2. Standing

Plaintiff makes numerous allegations about experiences of other inmates and claims on behalf of the inmate population in general. It is well-settled that a § 1983 claim must be based on the violation of Plaintiff's personal rights and not the rights of someone else. *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (citations omitted). To the extent Plaintiff raises claims on behalf of others, a review of the allegations contained in his Amended Complaint indicates he lacks standing to do so. To have standing, a prisoner must state "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how

the conditions caused him injury." *Swoboda v. Dubach,* 992 F.2d 286, 289 (10th Cir. 1993). "[G]eneral observations" about prison conditions are not actionable under 42 U.S.C. § 1983. *Id.* at 289–90.

Such general grievances are best addressed to the legislative, not the judicial, branch. *Bd. of Cty. Comm'rs of Sweetwater Cty. v. Geringer,* 297 F.3d 1108, 1112 (10th Cir. 2002) (citing *Allen v. Wright,* 468 U.S. 737, 751 (1984)). Such claims should be dismissed for lack of prudential standing. *See, e.g., Whitington v. Ortiz,* 307 F. App'x 179, 191 (10th Cir. 2009) (*pro se* prisoner plaintiff "lack[ed] standing to attempt to re-regulate the entire CDOC system, or to sue directly or indirectly on behalf of anyone but himself"); *Martinez v. Mesa Cty. Sheriff's Dep't,* 69 F.3d 548 (Table), 1995 WL 640293 at *1 (10th Cir. 1995) (unpublished) (court is not empowered to decide "generalized grievances concerning prison management").

Plaintiff should keep these principles in mind when drafting his second amended complaint. His claims will be considered only to the extent they allege a violation of *his* constitutional rights.

**3. Court Access**

Plaintiff appears to be making a court access claim based on Defendants' refusal to allow him to take legal documents with him to court. In his original Complaint, Plaintiff claimed that Mary Brock did not allow him to get his legal paperwork before being transported to court on April 8, 2026. (Doc. 1, at 6.)

It is well-established that a prison inmate has a constitutional right of access to the courts. However, it is equally well-settled that in order "[t]o present a viable claim for denial of access to courts, . . . an inmate must allege and prove prejudice arising from the defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518

U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing.").

An inmate may satisfy the actual-injury requirement by demonstrating that the alleged acts or shortcomings of defendants "hindered his efforts to pursue" a non-frivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Burnett v. Jones*, 437 F. App'x 736, 744 (10th Cir. 2011) ("To state a claim for violation of the constitutional right to access the courts, a prisoner 'must demonstrate actual injury . . .—that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement.'") (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010)).

The Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 at 354. Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Id.* at 355. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* (emphasis in original); *see also Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus.") (citations omitted).

The Tenth Circuit has found that whether or not a party is represented by counsel or proceeding pro se "is important because a court-access claim is necessarily intertwined with the assistance *vel non* of counsel." *Carr v. Zwally*, 760 F. App'x 550, 556 (10th Cir. 2019) (unpublished) (citing *United States v. Taylor*, 183 F.3d 1199, 1204 (10th Cir. 1999) ("It is well established that providing legal counsel is a constitutionally acceptable alternative to a prisoner's

demand to access a law library."); *accord Lewis v. Clark*, 577 F. App'x 786, 796–97 (10th Cir. 2014) (unpublished) (affirming dismissal of court-access claim because prisoner was represented by counsel in underlying criminal case)). It appears that Plaintiff was represented by counsel in his state court criminal case. *See State v. Johnson*, Case No. HV-2019-CR-553 (District Court of Harvey County, Kansas).

Furthermore, the Tenth Circuit has recognized that "because there is no constitutional right to 'a hybrid form of representation,'" . . . "when defendants have the assistance of counsel, courts need not consider any filings made *pro se*." *United States v. Sandoval-De Loa*, 283 F. App'x 621, 625 (10th Cir. 2008) (unpublished) (citing *United States v. McKinley,* 58 F.3d 1475, 1480 (10th Cir. 1995) and *United States v. Bennett,* 539 F.2d 45, 49 (10th Cir. 1976) ("[P]ermission for [hybrid representation] [is] recognized as being discretionary with the trial court."); *see also United States v. Castellon,* 218 F. App'x 775, 780 n.4 (10th Cir. 2007) (unpublished) ("[W]here a defendant is represented by counsel, we do not accept pro se filings or allegations.")). Plaintiff must show good cause why his court access claim should not be denied for failure to state a claim.

**4. Conspiracy**

Plaintiff's bald allegation of a conspiracy is insufficient to state a claim. Plaintiff fails to assert factual allegations in support of these claims. To state a claim for conspiracy, Plaintiff must include in his complaint enough factual allegations to suggest that an agreement was made. *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010). A bare assertion of conspiracy, absent context implying a meeting of the minds, fails to raise a right to relief above the speculative level. *Id.* Here, Plaintiff provides no factual information whatsoever to demonstrate any type of agreement was made between anyone. Such conclusory allegations fail to state a plausible claim for relief. Plaintiff must show good cause why his conspiracy claim should not be dismissed for failure to

state a claim.

**5. Retaliation**

Plaintiff claims that the shakedown of his cell on September 22, 2026, was in retaliation for his claims in April 2026 regarding his alleged denial of court access. Plaintiff fails to state a claim of retaliation. "[I]t is well established that an act in retaliation for the exercise of a constitutionally protected right is actionable under [42 U.S.C.] Section 1983 even if the act, when taken for a different reason, would have been proper." *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990) (citations omitted). The Tenth Circuit has held that:

> Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

However, an "inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006) (quotations and citations omitted). Thus, for this type of claim, "it is imperative that plaintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice." *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990). "To prevail, a prisoner must show that the challenged actions would not have occurred 'but for' a retaliatory motive." *Baughman v. Saffle*, 24 F. App'x 845, 848 (10th Cir. 2001) (citing *Smith v. Maschner*, 899 F.2d 940, 949–50 (10th Cir. 1990); *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)). Plaintiff must show good cause why his retaliation claim should not be dismissed for failure to state a claim.

Plaintiff's claims of retaliation are subject to dismissal for failure to allege adequate facts in support of the claims. Plaintiff's allegations regarding retaliation are generally conclusory, lacking facts to demonstrate any improper retaliatory motive.

**6. Harassment**

Plaintiff claims that he is being harassed and Defendants have created a hostile living environment. He points to comments made about making sure to spell an officer's name correctly on his complaint, and comments by an officer that they are "about to mess up somebody's day" and that the inmates "ain't going to like me tomorrow when I come back to work."

The Tenth Circuit has found that "[m]ere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" *Alvarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) (unpublished) (quoting *Northington v. Jackson,* 973 F.2d 1518, 1524 (10th Cir. 1992)). Where "the officers' comments, although inappropriate, do not suggest a show of deadly force," they fail "to create 'terror of instant and unexpected death.'" *Id.*; *see also McBride v. Deer*, 240 F.3d 1287, at 1291 n.3 (10th Cir. 2001) ("[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment.") (citation omitted). Plaintiff must show good cause why his harassment claim should not be dismissed for failure to state a claim.

**7. Official Capacity Claims**

Plaintiff states that he is suing Defendants in both their individual and official capacities. (Doc. 4, at 7.) The Court notes that an official-capacity suit is another way of pleading an action against the governmental entity itself. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "The Tenth Circuit has made it clear that where a claimant seeks relief against a KDOC official in his or her official capacity, the party seeks judgment against the KDOC itself, rendering the claim as one

against the sovereign." *Jamerson v. Heimgartner*, No. 5:17-3205-JAR-KGG, 2020 WL 1923074, at *10 (D. Kan. April 21, 2020) (citing *Jones v. Courtney*, 466 F. App'x 696, 699–700 (10th Cir. 2012) (collecting cases)).

The Eleventh Amendment therefore applies to any official capacity claims against a KDOC defendant. *Id.* The Eleventh Amendment generally "bars federal suits against state officers in their official capacities for money damages." *Franklin v. Kansas Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) (unpublished) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)); *see also Staples v. United States*, 762 F. App'x 525, 529 (10th Cir. 2019) (unpublished) (stating that "§ 1983 authorizes official-capacity claims only for injunctive relief and not for damages") (citing *Hafer v. Melo*, 502 U.S. 21, 30 (1991)). Kansas has not waived the defense of sovereign immunity with regard to § 1983 prisoner claims in federal courts. *Nunez v. Heimgartner*, 2017 WL 2264466, at *5 (D. Kan. May 24, 2017) (citing *Hunter v. Young*, 238 F. App'x 336, 338 (10th Cir. 2007)). "Moreover, the Supreme Court has held that neither states nor state officers sued in their official capacities are 'persons' within the meaning of 42 U.S.C. § 1983." *Franklin*, 160 F. App'x at 734 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Therefore, Plaintiff's claim for money damages against the officers in their official capacities is subject to dismissal.

**8. Personal Participation**

Plaintiff names Nurse Tim and his employer—Vital Core Health Strategies—as defendants. Plaintiff is not making a medical claim and has failed to allege how these defendants violated his constitutional rights. He claims that Nurse Tim is Dana King's "office husband," has a very close relationship with all of the other defendants, and "has joined the conspiracy." (Doc. 4, at 11.) Plaintiff provides no factual support for these claims.

Plaintiff has failed to allege how these defendants personally participated in the deprivation of his constitutional rights. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability). An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued

operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id.* at 1204 (citing *Iqbal*, 129 S. Ct. at 1949). Plaintiff's claims against Nurse Tim and Vital Core Health Strategies are subject to dismissal.

**9. Relief Requested**

**A. No Physical Injury - § 1997e(e)**

Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e).

"The plain language of the statute does not permit alteration of its clear damages restrictions on the basis of the underlying rights being asserted." *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). "The statute limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Id.* (citing *Robinson v. Page,* 170 F.3d 747, 748 (7th Cir.1999)).

**B. Punitive Damages:**

Plaintiffs seeks punitive damages, which "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles*, 251 F.3d at 879 (quoting *Smith v. Wade*, 461 U.S.

30, 56 (1983)). Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind. Plaintiff's request for punitive damages is subject to dismissal.

**C. Heck Bar and Habeas Nature of Claim**

To the extent Plaintiff challenges the validity of his sentence in his state criminal case or seeks immediate release, his federal claim must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*." *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982). Therefore, any claim challenging his state sentence is not cognizable in a § 1983 action.

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has

been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994).

Furthermore, it appears that Plaintiff's state court criminal proceedings are pending on appeal. *See State v. Johnson*, Case No. HV-2019-CR-553 (District Court of Harvey County, Kansas). If Plaintiff's state court proceedings are ongoing, the Court may be prohibited from hearing Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

**IV. Response and/or Amended Complaint Required**

Plaintiff is required to show good cause why Plaintiff's claims should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper second amended complaint upon court-approved forms that cures all the deficiencies discussed herein. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the second amended complaint are no longer before the court. It

follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (26-3373-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete and proper amended complaint in which Plaintiff (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant. If Plaintiff does not file a second amended complaint within the prescribed time that cures all the deficiencies discussed herein, Plaintiff's claims may be dismissed without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **December 2, 2026,** in which to show good cause, in writing to the undersigned, why Plaintiff's Amended Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **December 2, 2026**, in which to file a complete and proper second amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff. The Clerk is also directed to send Plaintiff a copy of his Amended Complaint at Doc. 4.

**IT IS SO ORDERED.**

**Dated November 2, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**