**FILED**
**U.S. District Court**
**District of Kansas**
11/04/2026
**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**FRANCIS LAMAR JOHNSON,**

**Plaintiff,**

**v.** **CASE NO. 26-3373-JWL**

**MARY BROCK, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. Plaintiff filed his pro se civil rights Complaint (Doc. 1) on October 1, 2026, and filed an Amended Complaint (Doc. 4) on October 8, 2026. On November 2, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff until December 2, 2026, in which to show good cause why his Amended Complaint should not be dismissed or to file a second amended complaint to cure all the deficiencies noted in the MOSC. This matter is before the Court on Plaintiff's Motion to Correct Amended Complaint and request for appointment of counsel (Doc. 6).

Plaintiff claims that he did not intend to terminate some of the original defendants when he filed his Amended Complaint. (Doc. 6, at 2.) He states that he intended to add a defendant to the original defendants. *Id.* He also requests the appointment of counsel to help him with his case. *Id.*

The Court denies any request for the Court to correct the defendants listed in his Amended Complaint. The Court has granted Plaintiff an opportunity to respond to the MOSC and to file a

second amended complaint. Plaintiff can correct his named defendants in any second amended complaint that he files.

The Court has considered Plaintiff's request for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). "Rather, a court has discretion to *request* an attorney to represent a litigant who is proceeding in forma pauperis" in a civil case. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added) (citing 28 U.S.C. § 1915(e)(1)). In other words, if this request is granted, it means only that the Court will request that an attorney volunteer to be appointed to represent Plaintiff at no cost to Plaintiff. The Court cannot guarantee that an attorney will volunteer. *See Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016) ("Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take a case.").

The decision whether to appoint counsel—meaning to request counsel to provide representation at no cost to Plaintiff—in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to request volunteer counsel for Plaintiff, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes in this case that (1) it is not clear at this juncture that

Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. Thus, the Court will deny the request without prejudice to refiling a motion for appointment of counsel if this matter survives screening.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Correct Amended Complaint (Doc. 6) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's request for appointment of counsel is **denied.**

**IT IS SO ORDERED**.

**Dated November 4, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**